IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-HC-02090-M

| | | |
|---|---|---|
| GABRIEL PEREZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| D. COLBERT, | ) ) | |
| Respondent. | ) ) | |

On May 16, 2022, Gabriel Perez ("petitioner"), a federal inmate, filed *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Arizona. Pet. [D.E. 1]. The action was transferred to this court, see Order [D.E. 3], and allowed to proceed, see Order [D.E. 8]. On May 4, 2023, respondent moved for summary judgment, Mot. [D.E. 13], and filed a memorandum in support [D.E. 14], a statement of material facts [D.E. 15], and an appendix [D.E. 16].· Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 17], but petitioner failed to respond.

For the following reasons, the court grants respondent's motion for summary judgment.

Legal Standard:

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the

nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

## Discussion:

Petitioner contends that, while incarcerated at F.C.I. Butner, a Disciplinary Hearing Officer ("DHO") wrongly found him guilty of violating "code 111," introduction of a controlled substance, causing the loss of Good Time Credit ("GTC"). Pet. [D.E. 1] at 9–10. For relief, petitioner seeks the expungement of the "code 111" conviction and reinstatement of his GTC. Id. at 7.

Respondent argues, *inter alia*, petitioner failed to exhaust his administrative remedies before filing this action. See Resp't Mem. [D.E. 14] at 4.

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

2

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93. Failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proved. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP has a multi-tiered Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq. An inmate first seeks informal resolution by filing Form BP-8, and, if unresolved, the inmate must file a formal written "Administrative Remedy Request" (BP-9) within twenty days after the date the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). Within twenty days of the Warden's BP-9 response, an inmate then may file a BP-10 appealing to the Regional Director. 28 C.F.R. § 542.15. Finally, within thirty days of the Regional Director's BP-10 response, the inmate may appeal to the General Counsel by filing a BP-11. Id. If the inmate fails receive a response within these allotted time frames, including extensions of time, the inmate may treat the absence of a response as a denial and then may appeal to the next level. 28 C.F.R. § 542.18.

Respondent states that: pursuant to a January 15, 2021, locker search at F.C.I. Butner, the April 2, 2021, Incident Report Number 3490025 charged petitioner with violations of Code 113 (possessing drugs/alcohol), and Code 111 (introducing drugs/alcohol); this incident report was referred to a hearing, petitioner was informed of his hearing rights, and, on April 13, 2021, a DHO found petitioner had committed the Code 113 and Code 111 violations; the DHO's sanction included, *inter alia*, the disallowance of 82 days of good conduct time; on April 27, 2021, petitioner

3

filed an administrative remedy request with the BOP's Mid-Atlantic Regional Office appealing the DHO's decision and sanctions imposed under Incident Report Number 3490025; on May 30, 2021, the Regional Office issued a response denying this appeal; petitioner twice attempted to appeal this Regional Office denial with the BOP's Central Office, but his attempts were rejected due to petitioner's failure to comply with required BOP administrative remedy procedures; although petitioner twice was notified that he could resubmit his appeal in the proper format within 15 days of the date of the rejection notice, he failed to submit corrected administrative remedy appeals concerning Incident Report Number 3490025. See Resp't Stmt. Mat. Facts [D.E. 16] at ¶¶6–22.

BOP paralegal specialist Kelly Forbes declares, *inter alia*: petitioner was incarcerated at F.C.I. Butner from January 5, 2019, to July 12, 2021; petitioner admitted to the conduct in Incident Report Number 3490025; petitioner received adequate notice and a hearing as to this incident report; administrative remedy requests that are rejected at any stage are then returned to an inmate with an explanation of the reason for the rejection and, if applicable, instructions the request can be resubmitted; on July 22, 2021, the Central Office rejected petitioner's appeal for failure "to include a copy of the regional level appeal and response, a receipt, or a verified photocopy" and included instructions to resubmit the appeal within fifteen days; on October 5, 2021, petitioner submitted another appeal to the Central Office that again was rejected for failure "to include a copy of the regional level appeal and response, a receipt, or a verified photocopy"; this rejection again included instructions on how to resubmit the appeal within fifteen days; petitioner, however, did not resubmit any appeal. See Resp't App., Forbes Decl. [D.E. 16-1] at ¶¶1–27.

The record supports respondent's statement of facts and Forbes's declaration. See Resp't App., Attach. 1 [D.E. 16-2] at 2 (inmate discipline record of Incident Report Number 3490025);

4

id., Attach. 2 [D.E. 16-3] (showing the disallowance of 82 days of good conduct time); id., Attach. 3 [D.E. 16-4] at 1–6 (Apr. 3, 2021, Incident Report Number 3490025 regarding the Jan. 15, 2021, search charging petitioner with Code 113 and Code 111 violations and including petitioner's statement, "I am guilty. The report is right."); id. at 7–8 (Apr. 5, 2021, waiver of staff witnesses or staff representative for petitioner's DHO hearing and acknowledgment he had been advised of his hearing rights); id. at 9–12 (Apr. 13, 2021, hearing as to Incident Report Number 3490025); id., Attach. 4 [D.E. 16-5] at 9 (administrative remedy records reflecting Central Office's rejections of petitioner's July 9 and October 5, 2021, appeals due to his failure to include a copy of the regional level appeal and response, or a receipt, or a verified photocopy, and allowing petitioner to resubmit in the proper form within fifteen days of the rejection notice).

Succinctly stated, respondent has shown that petitioner failed to exhaust his administrative remedies before filing this action, see Jones, 549 U.S. at 216–17; Wilcox, 877 F.3d at 167, whereas petitioner fails to show that administrative remedy procedure was unavailable to him within the meaning of Ross v. Blake, 578 U.S. 632, 642 (2016); see Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited."). Petitioner also does not establish the existence of "exceptional circumstances" that would allow for a bypassing of administrative remedy procedure. Cf. Timms, 627 F.3d at 530–31.

Thus, after considering the evidence and the inferences drawn therefrom in the light most favorable to petitioner, Scott, 550 U.S. at 378, because there is no genuine issue of material fact as to exhaustion, respondent is entitled to summary judgment, see Anderson, 477 U.S. at 247–48.

5

Further, because the court dismisses the instant action without prejudice, see Rodriguez, 715 F. App'x at 265, the court need not address respondent's additional arguments in support of the motion for summary judgement.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conclusion:

For the above reasons, the court: GRANTS the motion for summary judgment [D.E. 13]; DISMISSES WITHOUT PREJUDICE this § 2241 petition for failure to exhaust administrative remedies; and DENIES a Certificate of Appealability. The clerk shall close the case.

SO ORDERED, this 10th day of October 2023.

RICHARD E. MYERS II
Chief United States District Judge